## Haines's Estate

Before Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

*Eugene John Lewis*, for exceptant; *Michael J. Geraghty*, contra.

SINKLER, J., December 24, 1932.—The facts are set forth in the opinion of the presiding judge sur appeal from the register of wills, and reference is therein made to the decision of the Supreme Court in Churchill's Estate, 260 Pa. 94, and of this court in Donaldson's Estate, 16 D. & C. 353.

Appended to the opinion of the hearing judge in Donaldson's Estate, supra, are facsimiles of relevant portions of the Donaldson will and of the Churchill will. The Churchill will, it will be seen, was not signed in the designated place, nor at the end thereof. Between the testimonium clause and the attestation clause is a dotted line with the word "seal" at the place where the will should have been signed, and the attestation clause was executed by two attesting wit-

nesses. Churchill's name, in his handwriting, appearing in the attestation clause on the left side of the second line of the attestation clause, was held to be descriptive, and the will not properly executed. In the Donaldson will, while the signature appeared in an unexecuted attestation clause, it was in an apt position for the signature to the will, and his will was held to be executed properly.

Upon examination of the original will of Louis P. Haines, it will be seen that all of it is typed except the name of the testator at the very beginning of the will, and the name of his devisee, Louise M. Schaab, and her name as executrix; likewise the date in the testimonium clause. Then follows the attestation clause the full width of the page on which the will is written. To the left and below the word "witnesses," which is typed, there are six dotted lines. To the right and below the attestation clause is typed the word "signature," followed by a dotted line, on which appears the signature of the testator and his address immediately below, which has been identified as his handwriting.

If this will is not signed at the end thereof, it would indeed be difficult to say at what part of the will the testator's signature appears. The manner of execution planned by whomsoever drew the typed form contemplated that the name of the testator should be placed exactly where it was in the present case, and the name of the attesting witnesses under the typed word "witnesses." The fact that the testator did not have his signature attested does not under our statute and the facts of the present case render his will invalid.

The exceptions are dismissed and the decree of the presiding judge is confirmed absolutely.